UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05311-BFM **Date:** September 17, 2026

**Title:** *Yanghong Liu v. Fereti Semaia et al.*

==============================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondent |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Yanhong Liu filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 15, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. (*See* Pet. ¶ 1; U.S. Immigration and Customs Enforcement Locator, https://locator.ice.gov.) She was inspected and lawfully admitted to the United States in March 2025 on a valid B-2 nonimmigrant visa. (Pet. ¶ 17.) Petitioner has resided in the United States since her arrival. (Pet. ¶ 18.)

On January 16, 2026, Petitioner applied for asylum. (Pet. ¶ 19.) That application is pending. (Pet. ¶ 19; ECF 4 at 4.)

On August 29, 2026, while a passenger in a vehicle driven by her boyfriend, the vehicle was stopped and Petitioner and her boyfriend were detained. (Pet. ¶ 22.) There was no process provided for Petitioner during the detention process. (Pet. ¶ 48.) Petitioner is now in removal proceedings. (Pet.

¶ 21; ECF 4 at 8.) *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

Petitioner filed this Petition on September 15, 2026, along with an ex parte application for a temporary restraining order. (ECF 1-2.) Her TRO application reflects that she previously had breast cancer, that she takes medication in connection with that condition, and that imaging since she was detained reflect a mass or tumor in her breast. (Pet. ¶ 29.) In the more than two weeks that followed, Petitioner has not received any follow-up care, nor has she been provided her prescribed medication. (Pet. ¶ 28.) Given the medical issue, the Court accelerated the standardized briefing schedule; the Court ordered Respondents to respond to the Petition by no later than 4 p.m. on September 17, 2026. (ECF 12.) The Court further advised Respondents that, given the time-sensitive medical circumstances, the failure to respond by that deadline would be taken as a non-opposition to Petition and to the relief sought therein. (ECF 12.) That deadline came and went, and no attorney entered an appearance in the case on behalf of Respondent, nor was any response filed. The Court thus deems the matter ready for decision.

## II. Analysis

Petitioner argues that her detention violates due process and asks for release. (Pet. at 10-14.) Respondents did not substantively respond to the Petition—even after they were advised that the failure to oppose the Petition would be taken as a non-opposition. (ECF 12.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in

both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that her detention violated her procedural due process rights and that the proper habeas remedy is an order of release. (Pet. at 11-12, 14.) Respondents did not respond to the Petition. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject her claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05311-BFM **Date:** September 17, 2026

**Title:** *Yanghong Liu v. Fereti Semaia et al.*

==============================================================

responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05311-BFM **Date:** September 17, 2026

**Title:** *Yanghong Liu v. Fereti Semaia et al.*

==================================================================

## III. Conclusion

Accordingly, the Petition is **granted** as to Claims One and Two. Petitioner Yanhong Liu (A# 236-311-381) is ordered immediately released on reasonable conditions not to include a monetary bond. Any property confiscated during her arrest shall be returned to her. Claim Three and Petitioner's requests for other forms of relief are denied as moot in light of the relief granted on Claims One and Two. Petitioner's ex parte application for a temporary restraining order (ECF 2) is similarly **denied as moot**.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, counsel shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

Initials of Preparer: ch